Ervin BRAHIMI, Petitioner,

v.

Michael B. MUKASEY, United States

Attorney General,[1] Respondent.

No. 06–3431–ag.

United States Court of Appeals,
Second Circuit.

Jan. 11, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Paula Ryan Conan, Assistant United States Attorney, Syracuse, NY, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ervin Brahimi, a native and citizen of Albania, seeks review of a June 30, 2006 order of the BIA denying his motion to reopen. *In re Brahimi,* No. A 78 420 763 (B.I.A. Jun. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Brahimi's motion to reopen. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative deci-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

sion was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Because the BIA dismissed his appeal on August 4, 2005, Brahimi had until November 2, 2005 to file a timely motion to reopen. Brahimi's May 2006 motion was thus untimely by six months. Nevertheless, the filing deadline for motions to reopen may be equitably tolled where a petitioner establishes ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154 (2d Cir.2006). Brahimi asserts that Koleci, his former attorney, was ineffective.

To prevail on an ineffective assistance of counsel claim, the alien must show that competent counsel would have acted otherwise and that he was prejudiced by his counsel's performance. *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994). The alien must also comply with certain procedures laid out by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Yet, "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006).

Here, although the BIA noted that Brahimi had satisfied the procedural requirements set forth in *Lozada*, it found that he failed to exercise due diligence so as to merit equitable tolling of the filing period. As the BIA correctly observed, Brahimi's claim of ineffective assistance of counsel was predicated on Koleci's alleged inadequacies in preparing for and representing him during the February 2004 hearing. Accordingly, Brahimi should have become aware of Koleci's ineffective assistance at that hearing, rendering him able to make his claim within 90 days of the IJ's February 2004 decision, or, at least, the BIA's August 2005 decision denying the appeal. As the BIA found, even if it were to have tolled the filing period until November 2, 2005—the day that Brahimi first learned of the BIA's August 2005 decision—he failed to adequately explain why the motion to reopen was not filed until May 2006, more than 90 days after that date. Brahimi argues that he was not aware of Koleci's ineffectiveness as of November 2, 2005, because, at that point, he simply thought that Koleci had never received notice of the August 2005 decision and was thus not sure whether he had been careless. However, this contention is at odds with the grounds alleged in the motion to reopen, which attacked Koleci's conduct before and during the February 2004 hearing. Thus, we cannot find that the BIA abused its discretion in concluding that Brahimi failed to exercise due diligence in pursuing his ineffective assistance of counsel claim. Accordingly, the BIA did not err in declining to address the alleged prejudice Brahimi suffered, and properly denied his motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).